IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02456-DDD-CYC

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

A&A APPLIANCE, INC.,

    Defendant.

---

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge**

    This matter is before the Court on Defendant's Emergency Motion for Reconsideration and Expedited Consideration Based on the EEOC's Violation of This Court's Prior Order. ECF No. 114.

    Upon review of the response, reply, and the entire docket, it is clear to the Court that there is no love lost between the parties. The Court, therefore, takes this opportunity to remind the parties that it expects them to treat each other civilly and that includes how the parties approach each other to confer about issues that arise in this case. *See* D.C.COLO.MJ I.1.

    The Court agrees with the plaintiff that the defendant's attempts to confer regarding the motion were insufficient. *See* ECF No. 118-2. As the parties as aware, D.C.COLO.LCivR 7.1(a) requires counsel to confer or "make reasonable good faith efforts to confer with opposing counsel" before filing a motion. The email correspondence shows that the defendant's counsel sent an email to the plaintiff's counsel on Saturday, February 1, 2025 at 7:00 p.m. with another sent on Monday, February 3, 2025 at 12:53 p.m. that first alerted the plaintiff that the defendant

was intending to file the instant motion. ECF No. 114-2 at 3-5. The plaintiff's counsel responded at 1:28 p.m. asking for the basis for the motion and defense counsel responded at 2:05 p.m. that it was "the EEOC's submission of new evidence" and then filed the motion at 3:27 p.m. *Id*. This does not meet the requirements of D.C.COLO.LCivR 7.1(a). *Lyall v. City of Denver*, No. 16-cv-02155-WJM-CBS, 2016 WL 7176716, at *2 (D. Colo. Sept. 28, 2016); *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) ("The rule is not satisfied by one party sending a single e-mail to another party, and particularly not where, as here, the e-mail merely indicates an intention to file a motion to compel and does not suggest any negotiation or compromise."); *see* D.C.COLO.MJ V.1. And the defendant's failure to comply with Rule 7.1(a) is alone a proper basis for denial of the motion. *Hoelzel*, 214 F.R.D. at 636. While this provides proper grounds for denial, the Court addresses the substance of the defendant's request for relief below.

In the motion, the defendant asks the Court to reconsider Judge Hegarty's December 9, 2024 Order, ECF No. 100, granting the plaintiff's request to extend the dispositive motions deadline from December 11, 2024 to February 7, 2025, ECF No. 97, and denying the defendant's motion seeking to extend the dispositive motions deadline based on a decision on a pending motion, ECF No. 98. The result of the December 9, 2024 Order is that the dispositive motions deadline in this case is February 7, 2025. The defendant argues that reconsideration of the December 9, 2024 Order is appropriate because the plaintiff "created a new January 31, 2025 affidavit" of an expert. ECF No. 114 at 1. The defendant's request invokes the Court's plenary power to revisit interlocutory orders as justice requires. *Armata v. Certain Underwriters at Lloyd's London – Syndicate 1861*, No. 21-cv-00160-NYW-STV, 2023 WL 5310175, at *3 (D. Colo. Aug. 15, 2023). The Court may grant the defendant's motion for reconsideration where there is "(1) an intervening change in the controlling law, (2) new evidence previously

2

unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Here, the defendant relies on the second enumerated basis for reconsideration. ECF No. 114 at 5-6. The defendant argues that the January 31, 2025 Affidavit From Dr. Ochs, ECF No. 108-2, is new evidence. ECF No. 114 at 5. However, as the plaintiff points out, ECF No. 118 at 7, in the motion the defendant never points the Court to any specific information contained in the affidavit that is new. *See generally* ECF No. 114. The defendant's reply brief does little to remedy this deficiency. For example, while the defendant states that "[t]he Court need only compare Dr. Ochs' June Affidavit and October Affidavit with the January Affidavit to see that the EEOC is improperly attempting to use this second supplemental affidavit to support its theory of the disability in this case," ECF No 119 at 6, the defendant does not point the Court to any specific information in the January 31, 2025 affidavit, ECF No. 108-2, that is "new evidence." Instead, the defendant simply points to the response brief and baldly states that there is new evidence. The defendant's assertion that the affidavit contains new evidence is not sufficient to meet the standard for reconsideration. And it is not the Court's role to compare the various affidavits to determine if there is "new evidence" contained in the January 31, 2025 affidavit. *Rocky Mountain Wild, Inc. v. United States Forest Service*, 56 F.4th 913, 927 (10th Cir. 2022) (noting that it is up to the parties, not courts, to "articulate the record evidence considered material to each legal theory" and explaining that the court "will not scour the record to determine whether evidence exists" (citations omitted)).

For these reasons, the Court concludes that it must **DENY** the motion, ECF No. 114. However, the Court is also mindful that the dispositive motions deadline is February 7, 2025, and Fed. R. Civ. P. 1 instructs the Court to administer the Federal Rules of Civil Procedure "to secure

3

the just, speedy, and inexpensive determination of every action and proceeding." Accordingly, the Court *sua sponte* extends the dispositive motions deadline pursuant to Fed. R. Civ. P. 16(b)(4), finding good cause for a short extension to allow the parties to finalize their dispositive motions given that they have been occupied with briefing of the instant motion.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Emergency Motion for Reconsideration and Expedited Consideration Based on the EEOC's Violation of This Court's Prior Order, ECF No. 114.

However, pursuant to Fed. R. Civ. P. 1 and 16(b)(4), the Court *sua sponte* extends the dispositive motions deadline from February 7, 2025 to **February 21, 2025**.

Entered this 6th day of February, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge