IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02456-DDD-CYC

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

A&A APPLIANCE, INC.,

    Defendant.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

    This matter is before the Court on Plaintiff's Motion for Leave to Restrict Documents. ECF No. 121. In the motion, the plaintiff asks the Court to restrict at Level 1 certain documents filed on the docket that consist of medical records of the Charging Party. The defendant argues that the plaintiff fails to meet the requirements of D.C.COLO.LCivR 7.2, the plaintiff was not diligent in seeking restriction, and that there is a heightened public interest in the medical records because this case was brought by the Equal Employment Opportunity Commission ("EEOC"). *See generally* ECF No. 126.

    In considering the parties' arguments, the Court is mindful that "[t]he public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly." *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 636 (D. Colo. 2010) (citing *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). As a result, there is a presumption in favor of public access to judicial records that may be overcome where "countervailing interests heavily outweigh the public

interests in access." *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (quotation marks omitted). "Therefore, the district court, in exercising its discretion to seal or unseal judicial records, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id*. (quotation marks and indication of internal modifications omitted). The burden is on the party seeking to restrict access "to articulate a sufficiently significant interest that will justify continuing to override the presumption of public access." *Id*. (quotation marks omitted). And if the Court finds a sufficiently significant interest that justifies restriction, "denial of public access to the record must be narrowly tailored to serve the interest being protected." *Whitaker v. Silver Key Bd. of Dir.*, No. 19-cv-01052-RBJ-KMT, 2020 WL 2041349, at *2 (D. Colo. Apr. 28, 2020).

While the defendant makes much of the fact that the case is brought by the EEOC and the fact that the case is premised on the idea that the Charging Party alleges that she is disabled under the ADA and required reasonable accommodations, ECF No. 126 at 1-2, 5, the plaintiff has the better argument in this matter.

First, as the plaintiff argues, the parties entered into a Protective Order governing the exchange of discovery in this case in which both parties recognized that "medical records or other health-related information" of the Charging Party should be designated as confidential in this case and would therefore be subject to limited disclosure as part of this litigation. ECF No. 32 ¶¶ 4-5. The documents at issue were designated as confidential in this case, which restricted any party from disclosing them to the public without the consent of the party that produced the document or an Order of the court. *Id*. ¶ 5. However, the defendant filed the following documents publicly despite their confidential designation: ECF Nos. 103-7, 103-9, 103-11, 106-9, and 106-10. It does not appear that the defendant has challenged the designation of these

documents as confidential pursuant to the Protective Order. ECF No. 32 ¶ 9. A review of the documents reveals that they are "medical records or other health-related information" of the Charging Party and, therefore, fall within the agreed definition of confidential information. *Id*. ¶ 4. As such, at a minimum, the defendant should have complied with the terms of the Protective Order before publicly disclosing the documents.

     But, of course, the parties' agreement that specific information should not be shared with the public is not the end of the analysis. As noted above, the Court must consider the presumption of public access to judicial records in determining if a document should be restricted. In this regard, the Court agrees with the plaintiff that these medical records are "of little value to the public and do[ ] not impact the public's understanding of the case" because the unrestricted filings that are available to the public in this case include the information that could be of interest to the public. ECF No. 121 at 2. The information included in the medical records in dispute would either be redundant of the publicly disclosed information or irrelevant to the issues in dispute. And, notably, some of the irrelevant information includes the medical history of the Charging Party's family members who have not put their medical information in dispute in this case. For these reasons, there is a sufficiently significant interest that justifies restriction of the documents identified by the plaintiff at Level 1. *See Robinson v. Stumph*, No. 18-cv-01851-MSK-KMT, 2021 WL 3675173, at *6 (D. Colo. Aug. 19, 2021) (restricting medical records at Level 1, but balancing the plaintiff's privacy interest with the public's interest in the lawsuit by including pertinent information from the medical records in the Court's decision); *Whitaker*, 2020 WL 2041349, at *2 (granting motion to restrict references in defendant's motion to medical conditions not at issue in disability discrimination case, noting "the exact nature" of the medical condition "is particularly personal information, and is of a kind that courts usually do protect").

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Restrict Documents. ECF No. 121.

Accordingly, it is hereby ORDERED that the Clerk of the Court shall maintain the following documents at Restriction Level 1 pursuant to D.C.COLO.L.CivR 7.2, limiting access thereto to the parties and the Court:

- **ECF No. 103-7,**
- **ECF No. 103-9,**
- **ECF No. 103-11,**
- **ECF No. 106-9, and**
- **ECF No. 106-10.**

The Clerk of the Court is further directed to maintain **all exhibits within ECF No. 109** and **all exhibits within ECF No. 112** at Restriction Level 1 pursuant to D.C.COLO.L.CivR 7.2, limiting access thereto to the parties and the Court.

Entered this 7th day of March, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge